IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

EASE LOGISTICS SERVICES, LLC,

      **Plaintiff,**

                                      **Civil Action 2:24-cv-3240**

     **v.**

                                      **Magistrate Judge Elizabeth P. Deavers**

RAY'S TRANSPORT, INC.,

      **Defendants.**

**ORDER AND OPINION**

This matter is before the Court on Defendant's Motion for Summary Judgment (Def.'s Mot., ECF No. 21) and Plaintiff's Motion for Summary Judgment (Pl.'s Mot., ECF No. 24).  For the following reasons, the Court **DENIES in part** and **GRANTS in part** Defendant's Motion (Def.'s Mot., ECF No. 21) and **DENIES** Plaintiff's Motion (ECF No. 24).

    **I.**       **BACKGROUND**

Plaintiff initiated this action on June 17, 2024, alleging breach of contract and negligence claims against Defendant for failure to properly deliver a shipment of automotive batteries. (Compl., ECF No. 3.)  Plaintiff is a transportation and logistics solutions company that connects companies with shipping needs to a nationwide network of shipping companies.  (*Id.* at PageID 26.)  Defendant is a transportation company.  (*Id.* at PageID 25.)

In 2021, the parties executed a Broker-Carrier Agreement ("Agreement") which "govern[s] Carrier's performance and obligations pertaining to transportation services for freight tendered to Carrier hereunder."  (Exhibit A, Compl. at PageID 32.)  The Agreement contains a clause assigning liability in the event of loss or damage to a shipment ("Liability Provision") and

an indemnification clause ("Indemnification Provision").  (*Id.* at PageID 33–34.)  Plaintiff arranged for Defendant to transport a shipment of seventeen crates of automotive batteries for Plaintiff's customer, General Motors ("GM") from Wixom, Michigan to Brownstown, Michigan. (Mosawi Aff., ECF No. 21-1, at ¶¶ 4, 6, 9.)  On November 20, 2024, Defendant delivered the shipment.  (*Id.* at ¶ 9.)  After delivery, GM inspected the shipment, discovered three damaged batteries in one crate, and concluded that all of batteries were unusable.  (*Id.* at ¶¶ 20–24; ECF No. 25-2, at PageID 408.)

GM submitted a claim to Plaintiff for the unusable shipment.  (Caudill Dep., ECF No. 25-1, at 7:10–9:2; Mosawi Aff. at ¶ 28.)  Plaintiff notified Defendant of this claim and requested payment.  (*Id.* at 23:2–21; Coratola Dep., ECF No. 23-1, at 32:8–9; ECF No. 25-2, at PageID 402.)  Plaintiff settled GM's claim for $250,000.00, the maximum possible amount under their contract, and seeks to recover this settlement amount, among other damages, from Defendant. (Mosawi Aff. at ¶¶ 25, 33–34; ECF No. 25-2, at PageID 402; Coratola Dep. at 40:6–10; Compl. at PageID 31.)  Plaintiff did not inspect the shipment or investigate GM's claim that the entire shipment of batteries was unusable.  (Mosawi Aff. at ¶ 27; Caudill Dep. at 29–23.)  Plaintiff brings two counts against Defendant: Count I, Breach of Contract and Failure of Duty of Good Faith and Fair Dealing, and Count II, Negligence.  (Compl. at PageID 29–31.)

Defendant moves for summary judgment on "all claims."[1]  (Def.'s Mot. at PageID 77.) Plaintiff filed a Memorandum in Opposition ("Pl.'s Resp., ECF No. 33), and Defendant filed a Reply (Def.'s Reply, ECF No. 37).  Plaintiff moves for summary judgment on its breach of contract claim based on Defendant's alleged breach of the Indemnification Provision.  (Pl.'s Mot.

---

[1] The Court notes while Defendant purports to move for summary judgment on Plaintiff's entire Complaint, neither party addresses Plaintiff's claim for "failure of duty of good faith and fair dealing."

2

at PageID 330.) Defendant filed a Memorandum Contra (Def.'s Resp., ECF No. 34), and Plaintiff filed a Reply (Pl.'s Reply, ECF No. 35). Accordingly, this matter is ripe for judicial review.

## II. STANDARD OF REVIEW

Under Federal Rule of Civil Procedure 56(a), "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The burden of proving that no genuine issue of material fact exists falls on the moving party, "and the court must draw all reasonable inferences in the light most favorable to the nonmoving party." *Stransberry v. Air Wisconsin Airlines Corp.*, 651 F.3d 482, 486 (6th Cir. 2011) (citing *Vaughn v. Lawrenceburg Power Sys.*, 269 F.3d 703, 710 (6th Cir. 2001)); *cf.* Fed. R. Civ. P. 56(e)(2) (providing that if a party "fails to properly address another party's assertion of fact" then the Court may "consider the fact undisputed for purposes of the motion").

"Once the moving party meets its initial burden, the nonmovant must 'designate specific facts showing that there is a genuine issue for trial.'" *Kimble v. Wasylyshyn*, 439 F. App'x 492, 495 (6th Cir. 2011) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317–324 (1986)); *see also* Fed. R. Civ. P. 56(c)(a)(A) (requiring a party maintaining that a fact is genuinely disputed to "cit[e] to particular parts of materials in the record"). "The nonmovant must, however, do more than simply show that there is some metaphysical doubt as to the material facts, . . . there must be evidence upon which a reasonable jury could return a verdict in favor of the non-moving party to create a genuine dispute." *Lee v. Metro. Gov't of Nashville & Davidson Cty.*, 432 F. App'x 435, 441 (6th Cir. 2011) (citations and quotations omitted).

In considering the factual allegations and evidence presented in a motion for summary judgment, the Court "must afford all reasonable inferences, and construe the evidence in the light

most favorable to the nonmoving party." *Cox v. Kentucky Dep't of Transp.*, 53 F.3d 146, 150 (6th Cir. 1995) (citation omitted).  "When a motion for summary judgment is properly made and supported and the nonmoving party fails to respond with a showing sufficient to establish an essential element of its case, summary judgment is appropriate." *Stransberry*, 651 F.3d at 486 (citing *Celotex*, 477 U.S. at 322–23).  In addition, "[t]he fact that both parties have moved for summary judgment does not mean that the court must grant judgment as a matter of law for one side or the other . . . . Rather, the court must evaluate each party's motion on its own merits. . . ." *Taft Broad. Co. v. United States*, 929 F.2d 240, 248 (6th Cir. 1991).

### III.       ANALYSIS

The Court will first address Defendant's Motion for Summary Judgment and then move to Plaintiff's Motion for Summary Judgment.

#### A.       Defendant's Motion for Summary Judgment

Defendant moves for summary judgment on both Plaintiff's breach of contract and negligence claims.  For the following reasons, the Court **DENIES** Defendant summary judgment on Plaintiff's breach of contract claim and **GRANTS** Defendant summary judgment on Plaintiff's negligence claim.

##### i.       Count I – Breach of Contract

The Court finds that Defendant is not entitled to summary judgment on Plaintiff's breach of contract claim.  Defendant argues that Plaintiff brings breach of contract claims under two provisions in the parties' agreement: the Liability Provision and the Indemnification Provision. *First*, Plaintiff does not bring a breach of contract claim under the Liability Provision as Defendant claims.  (Def.'s Mot. at PageID 85 ("Ease claims that Ray's breached two contract provisions. The first provision is "8. Carrier's Cargo Liability".) (as in original).)  The relevant portion of Plaintiff's breach of contract claim is as follows:

> Plaintiff and Defendant entered into a written agreement for the shipment of the Automotive Batteries as described in the preceding paragraphs.
>
> Plaintiff performed its obligations under the agreements.
>
> Defendant breached the agreements by (a) failing to properly deliver the shipment of Automotive Batteries; (b) failing to observe and follow all of the terms of the Master Agreement, Rate Confirmation Sheet and Bill of Lading; (c) failing to indemnify and hold Plaintiff harmless from claims arising from the damaged shipment; and, (d) failing to provide the agreed-to insurance.
>
> \*\*\*
>
> As a result of Defendant's breach, Plaintiff has suffered lost profits and other damages.
>
> \*\*\*

(Compl. at PageID 30.)

Plaintiff does not mention the Liability Provision in its Complaint, either in its breach of contract count or its factual allegations.  The Court cannot grant summary judgment on a claim that does not exist.  Fed. R. Civ. P. 56(a) ("A party may move for summary judgment, identifying each claim or defense — or the part of each claim or defense — on which summary judgment is sought.").  Accordingly, the parties' arguments on this issue are irrelevant, and the Court omits any discussion of them.  The Court, however, does note that it is not surprising that Plaintiff did not attempt to bring a breach of contract claim under the Liability Provision, given that the Liability Provision is a clause that allocates and quantifies the parties' liability in the event of loss, damage, or destruction of goods or property.  This allocation and quantification of liability do not affect Plaintiff's ability to prove its breach of contract claim—whether the parties entered a contract, Plaintiff performed under the contract, Defendant breached the contract, and Defendant's breach caused Plaintiff damage or loss.

*Second*, Defendant misinterprets Plaintiff's breach of contract claim under the Indemnification Provision.  In the Complaint, Plaintiff alleges that Defendant breached the

agreements by "failing to indemnify and hold Plaintiff harmless from **claims** arising from the damaged shipment . . . ."  (Compl. at PageID 29–30 (emphasis added).)  The Agreement Indemnification Provision provides that

> CARRIER WILL INDEMNIFY, DEFEND AND HOLD HARMLESS BROKER, ITS AFFILIATES AND ITS CUSTOMERS (AS INTENDED THIRD PARTY BENEFICIARIES) FROM ANY AND AGAINST ALL LOSSES (AS DEFINED BELOW) ARISING OUT OF OR IN CONNECTION WITH THE TRANSPORTATION SERVICES PROVIDED UNDER THIS CONTRACT, INCLUDING, BUT NOT LIMITED TO, THE LOADING, UNLOADING, HANDLING, TRANSPORTATION, POSSESSION, CUSTODY, TOWING, STORAGE, CLEAN-UP, USE OR MAINTENANCE OF CARGO OR EQUIPMENT OR PERFORMANCE OF THIS CONTRACT (INCLUDING BREACH HEREOF) BY CARRIER OR ANY CARRIER REPRESENTATIVE. . . . CARRIER AGREES THAT BROKER MAY SETTLE ANY CLAIMS ASSERTED, WHETHER FILED IN COURT OR THREATENED TO BE FILED, RELATED TO LOSSES, ON COMMERCIALLY REASONABLE TERMS AND THAT CARRIER WILL REIMBURSE BROKER FOR THE FULL AMOUNT OF THE SETTLEMENT AND COSTS, INCLUDING ATTORNEYS' FEES. "Losses" mean any and all losses, liabilities, obligations, personal injury, bodily injury, property damage, loss or theft of property, damages, penalties, actions, causes of action, claims, suits, demands, costs and expenses of any nature whatsoever, including reasonable attorneys' and paralegals' fees and other costs of defense, investigation and settlement, costs of containment, cleanup and remediation of spills, towing of trucks and/or trailers (including carrier's trucks and/or trailers), releases or other environmental contamination and costs of enforcement of indemnity obligations.

(*Id.* at PageID 33.)

Defendant argues that Plaintiff's "claim based on the contract's Indemnification provision fails" because Plaintiff "cannot establish that the alleged cargo damage was a loss 'arising out of or in connection with the transportation services provided under this contract' if it cannot prove the damage occurred during transit."  (Def.'s Mot. at PageID 86.)  Plaintiff

6

counters that Defendant ignores the precise language of the Agreement on which Plaintiff bases its indemnification claim.[2]  (Pl.'s Resp. at PageID 464.)

The Court agrees with Plaintiff.  Plaintiff does not seek indemnification for a loss defined as damage to the cargo.  Plaintiff seeks indemnification for a loss defined as a claim against it: "Defendant breached the agreements by . . . (c) failing to indemnify and hold Plaintiff harmless from **claims** arising from the damaged shipment . . . ."  (Compl. at PageID 29–30.)  In addition, the plain language of the Indemnification Provision does not require Plaintiff to prove that Defendant damaged a shipment to seek indemnification for a loss, defined as a claim, arising out of or in connection with the transportation services provided by Defendant pursuant to the Agreement.  Accordingly, the Court **DENIES** Defendant summary judgment on Plaintiff's breach of contract claim.

### ii.        Count II – Negligence

The Court concludes that Defendant is entitled to summary judgment on Plaintiff's negligence claim.  Defendant challenges Plaintiff's negligence claim on the breach of duty, proximate cause, and damages elements.  (Def.'s Mot. at PageID 82–84.)  The Court, however, will only address Defendant's Motion regarding the breach of duty element for reasons explained below. [3]

Plaintiff alleges that Defendant "owed Plaintiff a duty to handle the shipment of Automotive Batteries with reasonable care" and Defendant breached that duty "by failing to: (1)

---

[2] Within Plaintiff's response to Defendant's arguments regarding indemnification, Plaintiff also argues that its settlement with GM was commercially reasonable.  (Pl.'s Resp. at PageID 464.)  Defendant disputes this argument in its Reply.  (Def.'s Reply, at PageID 555–56.)  Although Defendant correctly notes that Plaintiff has proffered different standards under which Defendant must indemnify Plaintiff throughout the summary judgment briefing, the Court will not analyze whether the settlement was commercially reasonable here as Defendant does not move for summary judgment on this basis.

[3] Defendant does not dispute that it owed Plaintiff a duty of care.

properly transport the shipment; (2) properly hire, train and/or supervise Defendant's drivers; and/or, (3) properly inspect, select and/or maintain equipment used to transport the subject shipment of Automotive Batteries." (Compl. at PageID 30.)  Defendant contends that Plaintiff does not have any evidence that Defendant acted negligently in transporting the batteries and argues that the evidence in the record indicates the opposite.  (Def.'s Mot. at PageID 82–83.)

Plaintiff's entire response to Defendant's argument is as follows:

> Ease has also pleaded a claim for negligence. Even if the contract did not control, there are triable fact issues as to whether Ray's breached its duty of care by failing to inspect or secure the shipment. Ray's proximity to the cargo and its failure to act creates a plausible factual basis for negligence.

(Pl.'s Resp. at PageID 466.)

"The moving party need not produce evidence showing the absence of a genuine issue of material fact; rather, 'the burden on the moving party may be discharged by showing—that is, pointing out to the district court—that there is an absence of evidence to support the nonmoving party's case.'" *Livingston v. Cent. States, Se. & Sw. Areas Health & Welfare Fund*, 900 F. Supp. 108, 114 (E.D. Mich. 1995) (quoting *Celotex*, 477 U.S. at 325).  "Once the moving party discharges that burden, the burden shifts to the nonmoving party to set forth specific facts showing a genuine triable issue." *Id.* (citations omitted).

As an initial matter, in contrast to what Plaintiff claims in its Response, it did not allege that Defendant breached its common-law duty of care by failing to inspect or secure the shipment in its Complaint.  Even construing this assertion as falling within Plaintiff's allegation that Defendant failed to properly transport the shipment, Plaintiff fails to present "significant probative evidence in support" of its claim that Defendant breached its duty of care to Plaintiff. *Moore v. Philip Morris Companies, Inc.*, 8 F.3d 335, 340 (6th Cir. 1993).   As Defendant correctly notes, Plaintiff provides nothing more than conclusory statements in response to

8

Defendant's contention that there is no evidence.  This is far from sufficient to overcome Defendant's Motion.  *See Am. C.L. Union of Kentucky v. Mercer Cnty., Kentucky*, 240 F. Supp. 2d 623, 624–25 (E.D. Ky. 2003) ("Conclusory allegations are not enough to allow a nonmoving party to withstand a motion for summary judgment."), *aff'd sub nom. Am. C.L. Union of Kentucky v. Mercer Cnty., Ky.*, 432 F.3d 624 (6th Cir. 2005).

The Court finds that Plaintiff fails to raise a genuine issue of material fact sufficient to survive summary judgment.  As Plaintiff must prove all elements of its negligence claim, and the Court finds that no reasonable jury could find in favor of Plaintiff on the breach of duty element, the Court declines to address Defendant's arguments on the remaining elements.  *See Mowry v. United States*, No. 5:19-CV-00627, 2021 WL 1857132, at *1 (N.D. Ohio May 10, 2021) ("To prevail under Ohio law on a negligence claim, Plaintiffs must prove '(1) a duty requiring the defendant to conform to a certain standard of conduct, (2) breach of that duty, (3) a causal connection between the breach and injury, **and** (4) damages.'") (emphasis added) (citing *Mussivand v. David*, 45 Ohio St. 3d 314, 318–19 (1989)).  Accordingly, the Court **GRANTS** Defendant's motion for summary judgment on Plaintiff's negligence claim.

### B.        Plaintiff's Motion for Summary Judgment

Plaintiff moves for summary judgment on its breach of contract claim under the Indemnification Provision.  The Court finds that Plaintiff is not entitled to summary judgment and **DENIES** its Motion.

Plaintiff argues that there is no genuine dispute of material fact that its settlement with GM was commercially reasonable, and Defendant is therefore obligated to indemnify it for that settlement.  (Pl.'s Mot. at PageID 330, 333–34.)  Plaintiff claims the settlement was commercially reasonable under Ohio law, citing to the requirements in *Globe Indem. Co. v. Schmitt*, 142 Ohio St. 595, 604 (1944).  (*Id.* at PageID 332–34.)  In addition, Plaintiff claims that

even if the Court found that the settlement was not reasonable under *Globe,* then Plaintiff's indemnification rights must be enforced under the plain language of the Agreement.  (*Id.* at PageID 332.)  Defendant counters that the settlement was not commercially reasonable under *Globe* and refers the Court to Section II.B of its Motion for Summary Judgment for its response to "the merits of Plaintiff's breach of contract claim outside the *Globe* construct advocated for by Plaintiff."  (Def.'s Resp. at PageID 470–79.)  In its Reply, Plaintiff completely reverses its position.  (Pl.'s Reply, at PageID 526–28.)  Plaintiff argues that Defendant's "reliance" on *Globe* is incorrect, and the parties' Indemnification Provision governs.  (*Id.*)  Plaintiff also asserts that if the Court were to apply the *Globe* requirements, Plaintiff is entitled to indemnification.  (Pl.'s Reply, at PageID 526–28.)

The law in Ohio[4] is clear that the *Globe* common-law requirements are inapplicable here. The Ohio Supreme Court has expressly held "that the inclusion of an indemnification provision in a contract shows clear intent by the parties to deviate from the common law, and thus, the parties are not required to also include an express statement in the contract abrogating the common law for the common law not to apply."  *Wildcat Drilling, L.L.C. v. Discovery Oil & Gas, L.L.C.*, 2023-Ohio-3398, 172 Ohio St. 3d 160, 165, 222 N.E.3d 621, 628.  Accordingly, the Indemnification Provision governs Defendant's obligation to indemnify Plaintiff, rendering most of both parties' arguments completely immaterial.

The relevant portion of the Indemnity Provision provides that the "Carrier agrees that broker may settle any claims asserted, whether filed in court or threatened to be filed, related to losses, on commercially reasonable terms and that carrier will reimburse broker for the full

---

[4] "When jurisdiction is based on diversity of citizenship, as it is here, 'state substantive law is used when interpreting contract provisions.'" *List Indus., Inc. v. Umina*, No. 3:18-CV-199, 2021 WL 2916967, at *7 (S.D. Ohio July 12, 2021) (quoting *Whitt Mach., Inc. v. Essex Ins. Co.*, 377 F. App'x 492, 495–96 (6th Cir. 2010)).

amount of the settlement and costs, including attorneys' fees." (Compl. at PageID 33.) Plaintiff asserts, and the Court agrees, that Defendant's obligation to reimburse Plaintiff depends on whether Plaintiff's settlement was commercially reasonable. (Pl.'s Mot. at PageID 332 (The Indemnification Provision "obligates Ray's to reimburse Ease, so long as the settlement terms were commercially reasonable.").) Even with its unexplained reversal in position, Plaintiff fails to demonstrate that its settlement was commercially reasonable under the Agreement's plain language as a matter of law.

In its Motion, Plaintiff's only relevant argument is that "even if Ease failed to meet any of the three *Globe* factors, Ease's right to indemnification must still be enforced due to the plain language of its contract with Ray's." (Pl.'s Mot. at PageID 332.) Plaintiff's single, conclusory statement is far from sufficient to meet its burden on summary judgment. Fed. R. Civ. P. 56(a) ("the movant must show "that there is no genuine dispute as to any material fact" and must support its motion with citations to the record). While Plaintiff frames the third *Globe* element as "commercially reasonable" instead of the actual common-law standard "fair and reasonable," this argument does not save its Motion. (Pl.'s Mot. at PageID 333–34.) Plaintiff claims its settlement analysis "more than satisfies the standard for commercial reasonableness" without identifying what that standard is, if it is the standard the parties agreed to in the Indemnification Provision, or how its settlement analysis meets this unidentified standard. (*Id.* at PageID 333.) Further, in its Reply, Plaintiff does not argue that its settlement was commercially reasonable under the Agreement. Plaintiff instead claims that the Indemnification Provision is clear and enforceable, and Defendant waived its right to challenge Plaintiff's settlements "so long as those decisions were commercially reasonable."[5] (Pl.'s Reply, at PageID 528–29.) In sum, Plaintiff

---

[5] Plaintiff again only uses the phrase "commercially reasonable" in the context of the third *Globe* element. (Pl.'s Reply, at PageID 530–32.)

fails to demonstrate that there is no genuine dispute of fact as to whether its settlement was commercially reasonable under the Agreement.[6]  The Court **DENIES** Plaintiff's Motion for Summary Judgment.

### IV.        CONCLUSION

For the foregoing reasons, the Court **DENIES** Defendant summary judgment on Plaintiff's breach of contract claim and **GRANTS** Defendant summary judgment on Plaintiff's negligence claim.  (ECF No. 21.)  The Court **DENIES** Plaintiff's Motion for Summary Judgment.  (ECF No. 24)

**IT IS SO ORDERED.**

**Date: February 27, 2026**                    /s/ *Elizabeth A. Preston Deavers*
                                               **ELIZABETH A. PRESTON DEAVERS**
                                               **UNITED STATES MAGISTRATE JUDGE**

---

[6] Indeed, although in the context of the first and third *Globe* element, Defendant offers evidence that puts the question of commercial reasonableness directly at issue.  For instance, Defendant asserts that Plaintiff's decision to settle GM's claim for the maximum amount possible without investigation into its merits was unreasonable.  (Def.'s Resp. at PageID 472, citing to Caudill Dep. at 29–23, PageID 478.)